Docket in case # __94__ ~~CV~~/CR __866__

As:

Date: 7 / 13 / 2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID HURLBURT,

                Petitioner

-against-

                                       94-CR-866 (NSR)
                                       OPINION & ORDER

UNITED STATES OF AMERICA,

                Respondent.

On November 21, 1994, Petitioner David Vitalli ("Petitioner"), formerly known as David Hurlburt, pled guilty to wrongful possession of and possession to distribute a Schedule III controlled substance in violation of 21 U.S.C. § 841. On May 27, 2022, Petitioner filed the instant motion to expunge his conviction. ("Mot.," ECF No. 9.) For the following reasons, Petitioner's motion is DENIED.

## BACKGROUND

On November 16, 1994, Petitioner entered a guilty plea of one count of distribution of anabolic steroids, in violation of 21 U.S.C. § 841, a Class D Felony. (Mot. at 10, ECF No. 9.) On November 21, 1994, Petitioner pled guilty as charged before Judge Barrington D. Parker. (*Id.*) According to the Pre-Sentence Report for Petitioner dated January 9, 1995 ("PSR," ECF No. 9), federal drug enforcement agents learned from a confidential informant prior to April 25, 1994 that Petitioner was illegally distributing anabolic steroids from his home. On April 25, 1994, this confidential informant went to Petitioner's home and purchased from Petitioner "ten ampules of Sustenon" and "one hundred tablets of Dianabol," both of which were later confirmed to contain "more than 1,000 but less than 2,500 units" of anabolic steroids. (PSR ¶¶ 6-8.) On May 1, 1995, Petitioner was sentenced to six-month home confinement with a two-year supervised release term.

(*Id*.) On June 14, 1995, Petitioner's sentence was amended to time served. (Gov. Reply, ECF No. 12.)

In support of his expungement motion, Petitioner provides that he purchased the anabolic steroids to extend the life of his HIV-positive half-brother William Covert. (Mot. at 10.) According to Petitioner, Mr. Covert "depended on [the steroids Petitioner acquired] to live with AIDS." (*Id*.) Mr. Covert died of AIDS complications in 1993. (*Id*.)

On May 27, 2022, Petitioner filed the instant motion seeking expungement of his 1994 conviction. (ECF Nos. 7-9.) Petitioner sets forth four major hardships resulting from his felony record, respectively in (1) child adoption; (2) business expansion; (3) congressional campaign; and (4) ability to carry a firearm. (Mot. at 1.) First, many child adoption agencies refuse service to applicants with a felony conviction. Second, Petitioner is the Chairman and Director of Operations of Vortek International Protective Services ("Vortek"), a company that "offers private security and investigative services across the globe." (Mot. at 4.) Petitioner states that his criminal record "prevents him from personally overseeing work in many of the . . . states [where Vortek operates] because of the restriction against his carrying of a firearm as a convicted felon." (*Id*.) Third, Petitioner is running for the United States Congress as a resident of Tennessee. Petitioner asserts that his inability to own a firearm "alienates him from a large voting bloc" and "severely hinders" his congressional campaign, which has already begun. (Mot. at 4-5.) Fourth, Petitioner hopes to own firearm and "yearns to teach his children how to shoot firearms." (Mot. at 5.)

Petitioner states that, prior to filing the instant motion, he "acquired a certificate of relief from disability from the New York State Department of Probation. However, this certificate only grants the ability to bear firearms in the state of New York, and explicitly denies [Petitioner] the right to hold office." (Mot. at 5.) Petitioner asserts that he "has exhausted all other avenues and

has no option other than to appeal to the Federal District Court in which he was originally sentenced." (*Id.*)

## DISCUSSION

Petitioner concedes that the Second Circuit case law "has typically denied" motions for expungement but argues that Petitioner's matter is "atypical" because "Petitioner far exceeded the responsibilities and success typically expected of a contributing member of society." (Mot. at 1 and 7.) In opposition to Petitioner's motion, the Government asserts that this Court has no jurisdiction to expunge Petitioner's conviction. After due consideration, the Court agrees with the Government and denies Petitioner's motion for lack of jurisdiction.

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal district court possesses only the power authorized by the United States Constitution and federal statutes. *Id.* at 377. "No constitutional provision or federal statute grants federal courts the power to expunge a valid criminal conviction on equitable grounds."[1] *United States v. Pichardo*, 202 F. Supp. 3d 342, 344 (S.D.N.Y. 2016) (quoting *United States v. Burzynski*, 2016 WL 1604491, at *1 (W.D.N.Y. Apr. 22, 2016)).

In *Doe v. United States*, the Second Circuit held that a district court has no subject matter and no ancillary jurisdiction to expunge a valid criminal record. 833 F.3d 192, 199 (2d Cir. 2016). *Doe* involves a single mother who sought to expunge her federal conviction approximately thirteen years after the judgment. As with the case at bar, the *Doe* applicant sought to expunge or seal her records based on circumstances that were independent of the facts of her criminal proceeding and sentence, and on equitable grounds: Doe was unable to find and keep gainful employment to support her children due to her conviction. Rejecting Doe's arguments, the Second Circuit

---

[1] "[S]ome state courts have been given expungement power by state legislation that explicitly confers such power." *United States v. Pichardo*, 202 F. Supp. 3d 342, 344 (S.D.N.Y. 2016). This is not the case with federal courts.

reasoned that "[T]he District Court's sentence had long ago concluded and its decrees long since expired . . . Expungement of a criminal record solely on equitable grounds, such as to reward a defendant's rehabilitation and commendable post-conviction conduct, does not . . ." advance the goals of ancillary jurisdiction identified by the Supreme Court in *Kokkonen*. *Id.* at 198.

Following *Doe*, district courts "have repeatedly held that they do not have subject matter jurisdiction or ancillary jurisdiction to seal or expunge a valid conviction record unless specifically authorized by Congress." *United States v. Bolera*, No. 00-CR-631 (PKC), 2021 WL 5232452, at *2 (S.D.N.Y. Nov. 9, 2021) (citing *Mount v. United States*, 2021 WL 722434, at *1 (E.D.N.Y. Feb. 24, 2021); *Patterson v. United States*, 2020 WL 5820155, at *1 (E.D.N.Y. Sept. 30, 2020); *White v. Dortch*, 2017 WL 8780774, at *3 (S.D.N.Y. Nov. 28, 2017) (McMahon, C.J.)). This Court is bound to follow this line of precedents absent any identified and applicable statutory authorization, which Petitioner fails to supply.

Petitioner alludes to 18 U.S.C. § 3607 (c), subtitled "Expungement of record of disposition." Section 3607 states in relevant parts:

> If the case against a person found guilty of an offense under *section 404 of the Controlled Substances Act (21 U.S.C. § 844)* [which provides penalties for simple possession] is the subject of a disposition under subsection (a) [which provides pre-judgment probation conditioned upon first offense], and the person was *less than twenty-one years old* at the time of the offense, the court shall enter an expungement order upon the application of such person. . .

18 U.S.C.A. § 3607 (West). Section 3607 (c) is not applicable here because (1) Petitioner was found guilty of distribution and possession with intent to distribute in violation of 21 U.S.C. § 841 instead of § 844; and (2) Petitioner was 25-year-old at the time of the offense. The Court cannot expand the clear statutory parameter to include Petitioner's circumstances. Petitioner further relies on *United States v. Schnitzler*, 567 F.2d 536 (2d Cir. 1977). As the Second Circuit

4

unequivocally held in Doe, *Schnitzer* "applies only to arrest records after an order of dismissal" and not to valid criminal records as here. *Doe*, 833 F.3d at 197.

Accordingly, the Court denies Petitioner's motion for lack of jurisdiction.

## CONCLUSION

For the foregoing reasons, the Court DENIES petitioner's motion. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 9.

This constitutes the Court's Opinion and Order.

Dated: July 13, 2022
White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge